USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/23/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
REGINA SMITH,                                                           :
                                                                        :
                          Plaintiff,                                    :    16-CV-3779 (JMF)
                                                                        :
          -v-                                                           :    MEMORANDUM OPINION
                                                                        :    AND ORDER
BRONX COMMUNITY COLLEGE ASSOCIATION,                                    :
                                                                        :
                          Defendant.                                    :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Regina Smith, proceeding *pro se*, brings this action against her former employer, Bronx Community College Association ("BCCA"), alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, as well as state and local law. Smith, who is approaching sixty-five years old, worked as an office manager at BCCA's Office of Student Life ("OSL") from 1986 to 2015, when she was advised that her job would not be renewed. (Docket No. 21 ("Am. Compl.") ¶¶ 10-11, 22-23, Ex. D). Smith alleges that she received consistently positive performance reviews until July 2014, when Fenix Arias — who had become Interim Director of OSL six months earlier — gave her a negative evaluation. (*Id.* ¶¶ 12, 16-17). In January 2015, a new Interim Director gave her another positive evaluation — and recommended that her employment be continued. (*Id.* ¶ 18). In early June 2015, however, Arias was reinstated as Interim Director; shortly thereafter, she advised Smith by letter that she was "recommending" to the BCCA's Interim President that Smith "not be re-appointed for the 2015-2016 academic year." (*Id.* Ex. D). A few days later, the Interim President "abruptly informed" Smith that she was terminated. (*Id.* ¶ 22).

BCCA now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Smith's Amended Complaint. (Docket No. 24). To survive a motion to dismiss, "a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that adverse action was taken against her by her employer, and that her age was the 'but-for' cause of the adverse action." *Marcus v. Leviton Mfg. Co.*, 661 F. App'x 29, 31-32 (2d Cir. 2016) (summary order) (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015)). The plaintiff need not prove discrimination, or even allege facts establishing every element of a *prima facie* case of discrimination, but she "must plead facts that give 'plausible support to a minimal inference' of the requisite discriminatory causality." *Id.* at 32 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 310-11 (2d Cir. 2015)). More specifically, the plaintiff "must supply sufficient factual material, and not just legal conclusions, to push the misconduct alleged in the pleading beyond the realm of the 'conceivable' to the 'plausible.'" *Id.* (citing *Vega*, 801 F.3d at 84). Where, as here, a plaintiff is proceeding *pro se,* her pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). "Nonetheless, a *pro se* litigant must still state a plausible claim for relief. Put another way, the Court's duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Thomas v. N.Y. City Dep't of Educ.*, No. 15-CV-8934 (JMF), 2016 WL 4544066, at *2 (S.D.N.Y. Aug. 31, 2016) (internal quotation marks, citation, and alterations omitted).

Applying those standards here, Smith's ADEA claim fails as a matter of law. Notably, Smith does not allege that Arias or anyone else at BCCA treated younger employees more favorably, that she was replaced with an employee outside of the protected class, or that there is evidence of a pattern of adverse employment actions taken against older employees. Instead,

Smith's sole basis for accusing BCCA of discrimination on the basis of age is a conclusory assertion that Tami Hepbourn and Yvonne Erazo-Davila — two members of Arias's support staff, who supervised Smith and reported directly to Arias — "regularly demeaned" her and "treated [her] poorly" and the more specific allegation that, on a single occasion in November 2014, she overheard Hepbourn telling Erazo-Davila that she was "too slow" and "lazy" and that she "wasn't doing [her] job." (Am. Compl. ¶ 13-14). But stray remarks — particularly where, as here, those remarks were not facially discriminatory, were not made by the relevant decisionmakers, and were made well before the alleged adverse employment action — are not enough to create an inference of discrimination. *See, e.g.*, *Blundell v. Nihon Kohden Am.*, No. 15-CV-1503 (GTS)(DEP), 2017 WL 318842, at *9 (N.D.N.Y. Jan. 23, 2017) (citing cases); *Szewczyk v. City of N.Y.*, No. 15-CV-918 (MKB), 2016 WL 3920216, at *11 (E.D.N.Y. July 14, 2016) (same); *see also, e.g.*, *Belardo v. Con-Way Transp. Servs., Inc.*, 02-CV-5406 (SLT)(SMG), 2005 WL 885016, at *4 (E.D.N.Y. Mar. 28, 2005) (concluding, on summary judgment, that certain comments directed at the plaintiff — for example, referring to him as "old man" — were insufficient to raise an inference of discrimination because they were not facially discriminatory and "were made by individuals who had no involvement whatsoever in [p]laintiff's termination").

To be sure, Smith does allege that she found Hepbourn's remarks "troubling" and "perceived" them "as indicative of animus towards [her] because of age." (Am. Compl. ¶ 14). It is well established, however, that a plaintiff's subjective belief that she was the victim of discrimination, no matter how strongly felt, is insufficient to satisfy the burden to plead facts that could plausibly support an inference of discrimination. *See, e.g.*, *Jones v. City of N.Y.*, No. 14-CV-0826 (CBA)(RLM), 2015 WL 502227, at *5 (E.D.N.Y. Feb. 5, 2015) (noting that while the

3

plaintiff "may well have subjectively believed that defendants' comments about her weave were tied to her skin color, that is plainly insufficient" (citation omitted)); *Mohawk v. William Floyd Sch. Dist.*, 13-CV-2518 (JS)(GRB), 2014 WL 838162, at *3 (E.D.N.Y. Mar. 3, 2014) (dismissing a claim where the plaintiff "fail[ed] to allege any facts, besides his own subjective belief, that plausibly suggest that . . . [his] termination [was] in any way connected to his race, color, or national origin"); *Brodt v. City of N.Y.*, 4 F. Supp. 3d 562, 568 (S.D.N.Y. 2014) ("[A] plaintiff's feelings and perceptions of being discriminated against are not evidence of discrimination." (internal quotation marks omitted)). In short, Smith does not allege facts that could remotely, let alone plausibly, support "a minimal inference of 'but-for' causality" between her age and her termination. *Marcus*, 661 F. App'x at 32. Accordingly, her ADEA claim must be dismissed.

Two matters remain. First, the Court declines to grant Smith leave to amend her ADEA claim *sua sponte*. Smith was previously granted leave to amend to cure the deficiencies raised in BCCA's first motion dismiss, and was explicitly cautioned that she "w[ould] not be given any further opportunity to amend the complaint to address issues raised by the motion." (Docket No. 16). Additionally, Plaintiff "has not requested permission to file a Second Amended Complaint, nor has [s]he given any indication that [s]he is in possession of facts that would cure the problems identified in this opinion." *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014). Second, the Court declines to exercise supplemental jurisdiction over Smith's state and local claims. Although the Court has discretion to exercise supplemental jurisdiction pursuant to Title 28, United States Code, Section 1367, the Supreme Court and the Second Circuit have made clear that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.,* 154 F.3d 56, 61 (2d Cir.1998) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)). Here,

there is no basis to depart from that general rule given, among other things, the relatively early stage of the case. Accordingly, the Amended Complaint is dismissed in its entirety.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to terminate Docket No. 24, to mail a copy of this Memorandum Opinion and Order to Plaintiff, and to close the case.

SO ORDERED.

Date:  February 23, 2017
       New York, New York

JESSE M. FURMAN
United States District Judge